**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DONALD MARTIN, JR.,** | |
| Plaintiff, | |
| v. | **Case No. 06 C 3946** |
| **MICHAEL, SHEAHAN, SHERIFF OF COOK COUNTY,** *et al.*, | **Hon. Harry D. Leinenweber** |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This Section 1983 case arose out of an incident that occurred at the Cook County Department of Corrections on March 12, 2006. The Plaintiff, Donald Martin, Jr. (hereinafter, "Martin"), at the time a pre-trial detainee, alleges that he was savagely beaten by correctional officers without cause and as a result he suffered severe injuries. He then was given a disciplinary hearing which resulted in his being placed in disciplinary segregation for 29 days. He claims that hearing was based on a false report made by Defendant Michael Hartman (hereinafter, "Hartman"). He also claims that a request for appeal to Defendant Patricia Allen (hereinafter, "Allen") was ignored. In his ten-count Second Amended Complaint he alleges causes of action for excessive force (Count I); failure to intervene (Count II); failure to provide medical attention (Count III); state law assault and battery

(Count IV); state law claim for respondeat superior for assault and battery (Count V); denial of due process against Defendant Hartman (Count VI); denial of Due process against superintendent Allen (Count VII); Monell claim for denial of due process (Count VIII); and two state law claims for indemnification (Count IX and Count X). Martin has dismissed his Monell claim (Count VIII) and Defendants have moved for Summary Judgment on the due process claims (Counts VI and VII) and the failure to provide medical attention (Count III). The Defendants have withdrawn Motions for Summary Judgment on the remaining claims.

## II.  **DISCUSSION**

### A.  **Denial of Due Process**

Martin bases his claim for denial of due process on two points: that the hearing that he was given was based on a false report made by Defendant Hartman and his request to appeal the disciplinary sanction was ignored by Defendant Allen. The Seventh Circuit in *Rapier v. Harris*, 172 F.3d 999 (7th Cir., 1999) has held that a pre-trial detainee cannot be punished for disciplinary infractions occurring during detention without being afforded due process. The court did not make a determination as to exactly what process is due. It also held that regulations governing confinement of detainees do not in themselves create a protectable liberty interest. *Harris*, 172 F.3d at 1005. Martin was punished for an alleged incident that occurred during his detention that was

unrelated to the charge on which he was being detained. Consequently he was entitled to due process. He received a hearing before the Disciplinary Review Board, a body established by the Sheriff's General Order 14.8A. Although he received a statement of the charges which had been prepared prior to the hearing by Defendant Hartman, he complains that it was false and incorrectly classified the charge. He also complains that Defendant Hartman did not testify, and that he was not informed that he could cross-examine witnesses or request that witnesses be questioned by the Board, and was convicted without any specific findings of fact being made. He complains further that he sought to appeal the decision of the Disciplinary Review Board to superintendent Allen, which is also provided for in General Order 14.8A, but she ignored his request which forms the basis for Count VII.

It does appear that the Review Board did not religiously follow the Sheriff's disciplinary hearing policy. *See Sheriff of Cook County General Order 14.8A.* However he has dropped his *Monell* Count and defendant Hartman did not have anything to do with the hearing and did not even appear and give testimony. However even if this claim was against the Board these omissions do not necessarily mean that Martin was denied due process, because the policy or regulation does not create a liberty interest. And failure to meet internal procedures does not necessarily amount to a constitutional violation. *Pardo v. Hosier*, 946 F.2d 1278, 1281

(7th Cir., 1991). The Seventh Circuit in *Holly v. Woolfolk*, 415 F.3d 678, 680 (7th Cir., 2005) has reminded the District Courts that they must apply the "sliding-scale approach of *Mathews v. Eldridge*, 424 U.S. 319, 332-35, 96 S.Ct. 893, 47 L.Ed.2d 18 (U.S.Va., 1976), which requires comparison of the costs and benefits of alternative remedial mechanisms." *Holly v. Woolfolk*, 415 F.3d 678, 680 (7th Cir., 2005). Martin received 29 days in segregation as a result of the hearing he was given. As the court noted in *Holly* it would be difficult to quantify any damages as a result being confined in a cell as opposed to being free to roam the "dangerous general population area" of the jail. While the Court noted that there is no minimum amount in controversy requirement for a federal civil rights suit, nevertheless there may well be such a requirement to justify the "due process" that Martin claims he was due. He cites *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (U.S.Neb., 1974) as requiring the procedures that he claims he was not granted. However *Wolff* involved the removal of good time from an inmate in the Nebraska Correctional System and, because Nebraska had established a liberty interest in obtaining good time, the Supreme Court did state that these procedures were necessary to revoke good time. Here there is no liberty interest, only a right to all the process that is due. Based on the "minimum amount in controversy," the Court finds that Martin received all the process that was due under the constitution. In addition, responding

directly to Count VI the count alleging violation of due process against only Hartman, the evidence is uncontested that Hartman himself did not participate in the hearing but only provided the complaint upon which the hearing was held. As far as his allegation that Hartman made false statements in the charge nevertheless the Seventh Circuit has held that where a due process hearing is held no constitutional violation occurs. *Lagerstrom v. Kingston*, 463 F.3d 621 (7th Cir., 2006). At best Martin might have a state law claim for malicious prosecution. The Court is reluctant to grant constitutional status to a claim as here where a detainee makes the allegation that the misconduct charge is false.

With respect to Count VII against Superintendent Allen granting all inferences in Martin's favor, we can assume that he did make a timely request for an appeal. However the Court does not believe that due process under the circumstances present here would require granting an appeal. In all probability by the time the appeal was considered Martin would have been back in the general population and it would be moot.

**B. Denial of Medical Attention**

Martin makes the claim that Defendant Miller failed to provide him with medical treatment following the incident. However, the evidence is to the contrary. Martin admits that immediately after the incident he was taken to the dispensary where he was examined

and treated for his injuries.  He was examined and given some Tylenol and ice packs.  He apparently was not satisfied with this treatment but the only evidence submitted was his own testimony.  He is not a medical doctor and is not in a position to evaluate the care that he received.  There was no other evidence submitted concerning whether the care fell below the appropriate standard to satisfy the constitutional requirement.  *Estelle v. Gamble*, 429 U.S. 97, 104-105 (U.S.Tex., 1976).

### III.  **CONCLUSION**

The motions for Summary Judgment on Counts III, VI, and VII are granted.

**IT IS SO ORDERED.**

                                    _____
                                    Harry D. Leinenweber, Judge
                                    United States District Court

**DATE:**     July 3, 2008